UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1591(DSD/JJG)


Jonathan F. Awasom,

          Plaintiff,

v.                                          **ORDER**

Presbyterian Homes & Services,
a Minnesota non-profit corporation,

          Defendant.


          Jonathan F. Awasom, 2500 Blaisdell Avenue South, #410,
          Minneapolis, MN 55404, pro se.

          Brian T. Benkstein, Esq., Kristine M. Rock, Esq., Sara
          G. McGrane, Esq. and Felhaber, Larson, Fenlon & Vogt, 220
          South Sixth Street, Suite 2200, Minneapolis, MN 55402,
          counsel for defendant.


          This matter is before the court on defendant's amended motion

for default judgment and dismissal of plaintiff's complaint.

Plaintiff Jonathan Awasom ("Awasom") came to the United States from

Cameroon in 1999 to work at Presbyterian Homes & Services ("PHS").

PHS terminated Awasom in 1999 and again in 2006 after he had been

rehired.  In response, on October 18, 2006, Awasom filed a pro se

complaint in Minnesota state court alleging state law violations.

Awasom later obtained counsel, and on March 13, 2007, the state

district court dismissed all of Awasom's state law claims.

Nevertheless, the court liberally construed Awasom's complaint to

assert claims under Title VII and denied PHS's motion to dismiss.

On March 21, 2007, PHS removed the action to federal court, and on October 3, 2007, Awasom filed an amended complaint asserting race discrimination and retaliation claims under Title VII.

On December 19, 2007, the magistrate judge granted Awasom's counsel's motion to withdraw and ordered Awasom to obtain new counsel or file a notice to proceed pro se by January 18, 2008.[1] The magistrate judge also granted PHS's motion to compel Awasom's deposition and independent medical examination no later than February 15, 2008.[2]  In so doing, the magistrate judge cautioned "that if Awasom fails to observe the Rules of Civil Procedure and Orders of the Court in the future, he will be subject to monetary and other possible sanctions." (Mag. Order at 2.)  Awasom did not obtain new counsel and has refused to be deposed or to submit to an independent medical examination.  In response to Awasom's refusal to comply with the amended pretrial scheduling order, PHS filed an amended motion seeking default judgment, dismissal and attorney's fees pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure.

Rule 16(f)(1)(C) provides that a court "may issue any just orders ... if a party or its attorney fails to obey a scheduling or other pretrial order."  Rule 37(b)(2) states that if a party "fails

---

[1] This deadline was later extended until January 25, 2008.

[2] This deadline was later extended by the amended pretrial scheduling order to February 20, 2008.

to obey an order to provide or permit discovery ... the court where
the action is pending may issue further just orders" that may
include "dismissing the action or proceeding in whole or in part,"
or "rendering a default judgment against the disobedient party."
Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi).  Further Rule 37(d)(1)(A)(I)
permits sanctions if a party "fails, after being served with proper
notice, to appear for that person's deposition."  A "district court
has wide discretion to impose sanctions for a party's failure to
comply with discovery requests."  United States v. Big D Enters.,
Inc., 184 F.3d 924, 936 (8th Cir. 1999).

     Awasom's only argument for failing to comply with the
magistrate judge's December 19 order and the amended pretrial
scheduling order is that the procedures followed in this case are
oppressive and unjust.  Specifically, Awasom argues that his
original complaint did not allege race discrimination and that the
present action does not reflect the nature of the charges he wishes
to bring against PHS.  Therefore, Awasom maintains that it would be
unjust to compel his participation in discovery for claims that he
never brought.  Under such circumstances, Awasom should have
requested dismissal pursuant to Rule 41(a)(2).  Instead, Awasom has
maintained this action but has steadfastly refused to adhere to the
court's discovery orders.  Such refusal requires sanctions.  See
Fed. R. Civ. P. 37(d)(2) (failure to participate in discovery "not
excused on the ground that the discovery sought was objectionable,

3

unless the party failing to act has a pending motion for a protective order under Rule 26(c)").

PHS urges the court to grant default judgment and to dismiss this case with prejudice.  Entry of default judgment for abuse of the discovery process, however, is an exceedingly harsh remedy and "should be a 'rare judicial act.'"  Comiskey f. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)).  Therefore, in light of Awasom's pro se status and his apparent confusion with respect to his cause of action, the court determines that dismissal without prejudice is an appropriate sanction.  However, due to Awasom's refusal to participate in a case that he initiated, despite the magistrate judge's warning of potential monetary sanctions, PHS incurred unnecessary expenses.  Accordingly, the court grants PHS's request for reasonable attorney's fees and costs incurred as a result of bringing this motion.  See Fed. R. Civ. P. 37(d)(3) ("Instead of or in addition to ... sanctions, the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.");  see also Fed. R. Civ. P. 16(f)(2).  Therefore, PHS shall submit an affidavit to the court and Awasom containing

the relevant costs and expenses.  Upon receipt of this affidavit, the court, without a hearing, will determine a just and appropriate sanction.

The court cautions Awasom that if he chooses to again use the federal judicial process to pursue a claim against PHS, he will be expected to know and to strictly adhere to all of the relevant rules.  Failure to do so will likely result in stronger sanctions than imposed here.


## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that:

1.  Defendant's amended motion for default judgment and dismissal [Doc. No. 52] is granted in part and this action is dismissed without prejudice.

2.  Defendant shall submit an affidavit identifying the reasonable costs and attorney's fees incurred as a result of this motion.

Dated:  April 14, 2008


s/David S. Doty
David S. Doty, Judge
United States District Court