UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1591(DSD/JJG)

Jonathan F. Awasom,

       plaintiff,

v.                                                    **ORDER**

Presbyterian Homes & Services,
a Minnesota non-profit corporation,

       Defendant.


     Jonathan F. Awasom, 2910 Cavell Avenue South, St. Louis
     Park, MN 55426, *pro se.*

     Teresa M. Thompson, Esq. and Fredrikson & Byron, P.A.,
     200 South Sixth Street, Suite 4000, Minneapolis, MN
     55402, counsel for defendant.



     This matter is before the court on plaintiff Jonathan Awasom's
("Awasom") motion to vacate judgment. Based upon the file, record
and proceedings herein, the court denies Awasom's motion.

     The facts of this case are discussed in the court's April 14,
2008, order. (Doc. No. 58.) In that order, the court dismissed
this action without prejudice as a sanction for Awasom's steadfast
refusal "to adhere to the court's discovery orders." (Id. at 3.)
In addition, the court granted defendant Presbyterian Homes &
Services' ("PHS") request for costs and attorney's fees. After
receiving an affidavit identifying reasonable costs and attorney's
fees, the court ordered Awasom to pay PHS $450 and entered judgment
on May 5, 2008. Awasom filed a notice of appeal on June 5, 2008,

which was dismissed as untimely on August 7, 2008. Awasom now moves to vacate the court's May 5, 2008, order and judgment pursuant to Federal Rules of Civil Procedure 60(b)(1-3) and (d)(3).

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1-3). Rule 60(d)(3) affirms the court's power to "set aside a judgment for fraud on the court." Id. 60(d)(3).

In this case, Awasom identifies no mistake, inadvertence, surprise, excusable neglect or newly discovered evidence that supports vacating the court's judgment and order. Rather, Awasom asserts that PHS prejudiced the court by intentionally conspiring with his previous counsel to "obstruct justice and to poison the well," which resulted in dismissal of the action despite his efforts to comply with the relevant rules and orders. (Pl. Mem. at 11.) To support his claim, Awasom generally refers to PHS's opposition to an amended complaint and his former counsel's withdrawal from the case pursuant to the magistrate judge's December 19, 2007, order. The court, however, dismissed this action without prejudice because of Awasom's failure to comply with

the court's discovery orders, not because of any action or inaction by his previous counsel or PHS. Therefore, relief pursuant to Rule 60 is not warranted, and the court denies Awasom's motion.

In addition, PHS requests attorney's fees. The April 14, 2008, order expressly cautioned Awasom that if he chose to pursue his claim against PHS in federal court he would "be expected to know and to strictly adhere to all of the relevant rules. Failure to do so will likely result in stronger sanctions than imposed here." (Doc. No. 58 at 5.) Although the instant motion lacks merit, Awasom specifically identified and complied with the relevant rules. Accordingly, the court denies PHS's request for attorney's fees.

Based on the above, **IT IS HEREBY ORDERED** that Awasom's motion to vacate judgment [Doc. No. 73] is denied.

Dated: June 3, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court